*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIE ATTY,

      Plaintiff-Appellee,

and

SEPEHR FARIDIAN,

      Plaintiff,

and

WOOD KULL HERSCHFUS OBEE & KULL, PC,

      Intervening Plaintiff-Appellee,

v

ANTHONY LEVENSON, ASAF SAGI, and ZEEV
SAGI,

      Defendants,

and

DAVID FINDLING, Receiver,

      Appellant.

UNPUBLISHED
February 10, 2022

No. 350689
Wayne Circuit Court
LC No. 17-002810-CZ

Before: K. F. KELLY, P.J., and STEPHENS and CAMERON, JJ.

K. F. KELLY, P.J. (*concurring in part and dissenting in part*).

Although I agree with the majority that the receiver is not the party to contest the division
of proceeds to other parties, I respectfully dissent from the trial court's calculation of receiver fees.
But because the trial court accepted the argument by intervening plaintiff Wood Kull Herschfus

-1-

Obee & Kull, PC (WKHOK) for a reduction in attorney fees and did not conduct an analysis of the factors to determine a reasonable attorney fee, I would vacate and remand for the appropriate inquiry.

A review of the record discloses that the trial court appointed David Findling, an attorney, to "[p]reserve, hold and manage the Receivership Estate and perform all acts necessary to preserve its value, to prevent, any loss, damage, or injury[.]" The receiver was authorized to employ others, including attorneys, as he deemed necessary and to take appropriate action required to secure and manage the receivership estate. Shortly before the receiver filed his final report, requested his fees and expenses, and sought distribution of the remaining proceeds, WKHOK filed a motion to intervene[1] in the litigation, and the motion was granted. After receipt of the receiver's final report, WKHOK filed objections to the receiver's request for fees and expenses. Specifically, WKHOK asserted that a principal of M. Shapiro Real Estate would have only charged $195 an hour for receivership services unlike the $290 hourly rate charged by Findling's attorney. Additionally, WKHOK challenged Findling's expenses by labelling various charges as not reasonable, not the role of the receiver, or not the receiver's issue. It also asserted that various charges could have been performed at a lesser rate of $85 an hour by a paralegal. The trial court concluded that $195 an hour was the reasonable rate for services in this field according to the State Bar of Michigan's Economics of Law Practice. It also reduced the billable hours from 72.9 to 50.7, concluding that some tasks could have been completed by a paralegal, were duplicative, were outside the receiver's purpose, and were excessive.

A trial court's grant or denial of attorney fees is reviewed for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). The party requesting attorney fees bears the burden of proving that the fees were incurred and that they were reasonable. *Sabbagh v Hamilton Psychological Servs*, *PLC*, 329 Mich App 324, 359; 941 NW2d 685 (2019). To determine a reasonable attorney fee, the following factors must be considered: (1) the attorney's professional standing and experience; (2) the skill, time and labor involved; (3) the fee requested and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the extent of the professional relationship involved with the client. *Smith v Khouri*, 481 Mich 519, 529; 751 NW2d 472 (2008) (Opinion by TAYLOR, C.J.). Additionally, the trial court should consider the client's knowledge that the acceptance of the particular employment will preclude other employment by the lawyer, the fee customarily charged in the locality for similar legal services, the time limitations imposed by the client or the facts, and whether the fee is fixed or contingent. *Id*. at 529-530. The trial court has the discretion to conduct an evidentiary hearing on the issue of attorney fees. *Sabbagh*, 329 Mich App at 359.

Although the trial court stated that the rate of $195 an hour is the appropriate rate pursuant to the state bar for this field, receivership is not listed as an area of legal practice. Moreover, the fact that a real estate firm could or would have performed this service at a lower rate is not the

---

[1] An attorney from WKHOK apparently learned of this litigation while seated in the courtroom waiting for another matter to be heard. The attorney faulted others, including the attorney for defendant Asaf Sagis for failing to learn of the litigation sooner.

appropriate inquiry. Rather, the propriety of the appointment and whether a real estate firm as opposed to a law firm was the appropriate receiver should have occurred at the time of the trial court's decision and order.[2] Thus, at this stage of the proceeding, the key inquiry is whether the factors for determining a reasonable attorney fee support the requested fee. Moreover, it is not apparent from WKHOK's conclusion in the margin that fees were "not reasonable," "not the role of the receiver," and "not the receiver's issue." The receiver itemized the necessary services and expenses. WKHOK's blanket assertion to the contrary did not demonstrate that the fees were unreasonable and unnecessary. At the hearing on the receiver's fees, there was no opportunity to justify each fee in contrast to the corresponding objection, and an evidentiary hearing was not conducted. In light of the complete failure to comply with the *Smith* factors, as well as the complete lack of any evidentiary support for the trial court's "equitable" decision, I would vacate the order reducing the receiver fees and remand for the appropriate inquiry.

/s/ Kirsten Frank Kelly

---

[2] Similarly, counsel for WKHOK claimed that this litigation was only discovered because of his presence at an unrelated court hearing and he accepted the representation by counsel for the Sagis. In light of the Sagis' litigious history, it is unclear why a search of pending cases in the tri-county area did not occur.